# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOEL KENNETH PARKER,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:11-cv-01223-KJD-CWH

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases as well as on petitioner's motions (## 3 & 6) for appointment of counsel. The filing fee has been paid.

Following review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). It further does not appear that any of the claims in the petition have been fairly presented to the Supreme Court of Nevada and exhausted. Petitioner therefore will be directed to show cause in writing: (a) why the petition should not be dismissed as time-barred; and (b) why the petition also is not subject to dismissal because none of the claims in the petition are exhausted.

### *Background*

Petitioner Joel Kenneth Parker challenges his Nevada state conviction, pursuant to a jury verdict, of burglary and robbery. The papers presented together with the online docket records of the state district court and state supreme court reflect the following.

1  Petitioner initially was found guilty of burglary, robbery and grand larceny auto. On direct appeal, the Supreme Court of Nevada affirmed as to the burglary and robbery convictions. The court reversed the grand larceny auto conviction and remanded with instructions to vacate that conviction.

The state supreme court's order was filed on December 2, 2008. An amended judgment of conviction was filed in the state district court on or about January 22, 2009, and the time to appeal the amended judgment expired on Monday, February 23, 2009. The time to file a petition for a writ of *certiorari* in the United States Supreme Court from the December 2, 2008, state supreme court order expired on March 2, 2009.

Thereafter, the only proceeding for collateral review filed by petitioner was an original petition for extraordinary relief filed in the Supreme Court of Nevada filed on May 18, 2010, under No. 56047 in that court. The Supreme Court denied the petition on June 9, 2010, and the remittitur issued on July 8, 2010. Petitioner filed an untimely petition for rehearing after the issuance of the remittitur on July 20, 2010, which was denied on September 13, 2010.

The federal petition was mailed to the Clerk of this Court on or about July 25, 2011.

***Time-Bar***

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, an untimely filing is not "properly filed" and thus does not statutorily toll the federal limitation period. *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

/ / / /

In the present case, the federal limitation period began running after the time for seeking *certiorari* review expired following the direct appeal on March 2, 2009. Absent tolling or delayed accrual, the limitation period expired one year later, on March 2, 2010.

The federal petition in this matter was not constructively filed until on or about July 25, 2011, more than a year and seven months after the federal limitation period already had expired, absent tolling or delayed accrual. The May 18, 2010, original writ petition filed in the Supreme Court of Nevada was filed after the expiration of the federal limitation period on March 2, 2010, and that filing therefore has no effect on the calculation of the limitation period absent other tolling or delayed accrual.

The petition therefore is untimely on its face.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S.___, ___, 130 S.Ct. 2549, 1085, 177 L.Ed.2d 130 (2009)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt, as to all of the charges pending against him in the case prior to the plea. *See House v. Bell*, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

### *Exhaustion*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991). A petition that is completely unexhausted is subject to immediate dismissal. *See,e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

In the present case, all of the claims in the federal petition are based upon claims of ineffective assistance of counsel. While petitioner includes additional conclusory allegations of a denial of, *e.g.,* due process, all of the claims are grounded in operative factual allegations asserting that petitioner's constitutional rights were violated due to alleged ineffective assistance of counsel.

Such claims of course are not considered on direct appeal under Nevada state practice. Nor were any such claims of alleged ineffective assistance of counsel either raised or considered on direct appeal in this particular case.

The only proceeding for collateral review filed by petitioner was the May 18, 2010, original petition for extraordinary relief filed in the Supreme Court of Nevada.

The state supreme court denied the original petition on the following grounds:

> This is a proper person petition for extraordinary relief. We have reviewed the documents submitted in this matter, and without deciding upon the merits of any claims, we decline to exercise original jurisdiction in this matter. . . . .

June 9, 2010, Order Denying Petition in No. 56047.

It is long-established law that a claim is not fairly presented and is not exhausted when a petitioner fails to present the claim in state district court under available state post-conviction procedures and instead presents the claim in an original petition to the state's high court seeking to invoke an extraordinary discretionary jurisdiction. *See,e.g., Ex parte Hawk*, 321 U.S. 114, 116, 64 S.Ct. 448, 449-50, 88 L.Ed. 572 (1944); *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981). *Accord Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985). *See also Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989)(presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying rule to filing of original writ in state high court).

Accordingly, even if this Court were to assume, *arguendo*, that the ineffective assistance claims in the federal petition are the same as any claims in the original petition in the Supreme Court of Nevada, the presentation of the claims in that petition did not fairly present and exhaust the claims in that court.

Petitioner therefore must show cause why the federal petition further is not subject to dismissal for complete lack of exhaustion.

### *Counsel Motions*

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible

habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

Having reviewed the papers on file, the Court does not find, even assuming *arguendo* financial eligibility,[1] that the interests of justice require that counsel be appointed at this juncture. The mere fact that petitioner is untrained in the law does not provide a basis for appointment of counsel in a habeas proceeding. Nor does the fact that petitioner's access to the prison law library is not wholly unrestricted under standard prison rules and procedures provide a basis for appointment of counsel. While almost any *pro se* litigant would be better served with the assistance of counsel, that is not the standard for appointment of counsel. There is nothing unduly complicated about this case that distinguishes it from the vast majority of federal habeas matters, which typically are pursued *pro se* rather than with appointed counsel. Petitioner has demonstrated an adequate ability to articulate his position.

The counsel motions therefore will be denied.

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing: (a) why the petition should not be dismissed with prejudice as time-barred; and (b) why the petition also is not subject to dismissal because none of the claims in the petition are exhausted. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred. If petitioner responds to the order but fails to demonstrate – with specific, detailed and competent evidence – that the petition is timely and exhausted, the petition will be dismissed either with prejudice as time-barred or without prejudice as unexhausted.

---

[1] Petitioner is not proceeding *in forma pauperis*, and he has not tendered the financial materials required to establish financial eligibility for appointment of counsel.

1  IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence.  The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record.  Petitioner thus must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

IT FURTHER IS ORDERED that if petitioner claims tolling and/or exhaustion based upon filings in the state courts, none of which currently are on file in this matter, he shall file copies of same with his show cause response.  Petitioner further shall attach copies of the state court written decisions regarding his conviction, as required by the instruction at the bottom of page 1 on the petition form.

IT FURTHER IS ORDERED that petitioner's motions (## 3 & 6) for appointment of counsel are DENIED.

IT FURTHER IS ORDERED that this order does not signify by omission that either the petition or the claims therein otherwise are free of deficiencies, as the Court defers consideration of any other deficiencies in the papers presented until after assessing the timeliness and exhaustion issues in the first instance.

Petitioner's failure to comply fully and timely with any provision of this order will result in the dismissal of this action without further advance notice.

DATED:   March 7, 2012

_____
KENT J. DAWSON
United States District Judge