# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOEL K. PARKER,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*

    *Respondents*.

2:11-cv-01223-KJD-CWH

ORDER

This closed *pro se* habeas matter comes before the Court following upon notices filed by an Assistant Federal Public Defender seeking to maintain that petitioner has encountered mailing difficulties with responding to court orders and that the Court "has jurisdiction and ability to withdraw" the order of dismissal under Rule 60 of the Federal Rules of Civil Procedure.[1]

The notices will be stricken as fugitive documents. The Court denied petitioner's two motions for appointment of counsel. See #7, at 6 & n.1. The Federal Public Defender was not appointed as counsel for petitioner, and the notices acknowledge that "[t]he Federal Public Defender does not represent Joel Parker in the instant post-conviction matter."

The fact that the Federal Public Defender does not represent petitioner – and has not been granted leave by this Court to appear for petitioner – means that the Federal Public Defender may not unilaterally appear in this case and – in truth – seek post-judgment relief

---

[1] The Court notes that the time period for seeking relief instead under Rule 59 had not expired as of the filing of the notices.

for petitioner. The Federal Public Defender does not have a freestanding authority to unilaterally appear in any such proceedings as it desires to appear without an express court order authorizing attorneys with the office to appear as counsel in the proceeding.

The Court further will direct the Clerk – following electronic service of this order – to remove Mr. Carr's listing as counsel on the docket sheet. An order from this Court – not a unilateral act of a lawyer – is required for an attorney to be listed as counsel for a party on the docket sheet. The Court, not the lawyers, determines who may be listed as counsel on the docket sheet. No action, in particular, should be taken that stops notices of electronic filing from being sent by the Clerk to the *pro se* petitioner when he is not represented by counsel, as has occurred here by virtue of the Assistant Federal Public Defender's unilateral action.[2]

The Court cannot discourage in strong enough terms the action taken here, as there are other means for counsel to approach the issue. Seeking in truth to represent petitioner while superficially acknowledging that one does not is not the way to approach the issue.

IT THEREFORE IS ORDERED that the notices (##18 & 19) are STRICKEN.

IT FURTHER IS ORDERED that the Clerk of Court – following electronic service of this order – shall designate that the listing of Mr. Carr as counsel for petitioner has not merely been terminated but instead has been stricken, as he never has been appointed as counsel herein. The Clerk shall reinstate the *pro se* listing of the petitioner on the docket sheet.

IT FURTHER IS ORDERED that the Clerk shall send a hard copy of this order along with a copy of ## 18 & 19 to the *pro se* petitioner and shall expressly state in the docket entry for this order that such hard copies were mailed to petitioner, specifying the prison address to which the mailing was sent.

IT FURTHER IS ORDERED that the Clerk shall send a copy of this order by certified mail, return receipt requested, addressed personally to Federal Public Defender Rene L. Valladares, at 411 E. Bonneville Avenue, #250, Las Vegas, Nevada 89101, and shall reflect this transmittal as well in the docket entry for this order.

---

[2] The Court notes that the certificate of service reflects that the Assistant Public Defender mailed copies of the notices to petitioner.

1    The Court, again, cannot discourage in strong enough terms the unilateral action taken
2 by the Assistant Federal Public Defender in this matter.  The Federal Public Defender may
3 not appear unilaterally in any court proceedings without express court authorization first
4 having been obtained.  The Federal Public Defender in particular may not take unilateral
5 action that results in notices of filing of the orders of this Court no longer being sent as a
6 matter of course to the *pro se* petitioner.

   DATED: September 19, 2012

   _____
   KENT J. DAWSON
   United States District Judge