# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOEL K. PARKER,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*

    *Respondents*.

2:11-cv-01223-KJD-CWH

ORDER

This closed *pro se* habeas matter comes before the Court on petitioner's motion (#23) for reconsideration.

The Court ordered petitioner to show cause why the action should not be dismissed as untimely or wholly unexhausted. The Court thereafter granted petitioner two extensions of time as well as an additional opportunity to respond after he alleged that a response due on June 28, 2012, was mailed but not received. When petitioner thereafter failed to meet an August 31, 2012, final deadline to file a response, the Court dismissed the matter.

Final judgment was entered on September 11, 2012. Petitioner did not mail the present *pro se* motion for reconsideration until on or after October 10, 2012. Petitioner therefore failed to seek relief within the 28 day time period allowed under Rule 59 of the Federal Rules of Civil Procedure.[1]

The motion therefore instead arises under Rule 60.

---

[1] It would appear that the unrepresented petitioner's failure to file a motion within the Rule 59 time limit in no small part was due to the Federal Public Defender's improper intermeddling in the case. See #20.

1  In an abundance of leniency, the Court will grant the motion under Rule 60(b)(1) on the
2 basis that petitioner failed to meet the prior deadline through his own mistake or excusable
3 neglect.
4  It has been suggested previously herein that correctional authorities necessarily have
5 been interfering with petitioner's legal mail.
6  What instead appears to be more likely at least in this instance from the record
7 presented is that petitioner's responses did not get filed because petitioner failed to follow
8 what are very clear instructions for filing *pro se* papers with the Clerk of Court.
9  At the very outset of a habeas matter, the instructions for the petition form instruct the
10 petitioner to direct his filings to the following officer and address:

> Clerk, U.S. District Court
> District of Nevada
> 333 Las Vegas Boulevard South
> Room 1334
> Las Vegas, Nevada 89101

14  In the present case, as best as the Court can reconstruct, it appears quite possible that
15 petitioner addressed his papers to chambers rather than to the Clerk for filing.  When a paper
16 is instead addressed to chambers, even if sent to the Clerk, the natural assumption of anyone
17 receiving the papers is that the paper constitutes a "work copy" or "courtesy copy" for
18 chambers.  Papers intended for filing are sent to the Clerk for filing.  Papers intended only as
19 a work copy or courtesy copy for chambers instead are addressed to chambers.
20  Petitioner tenders with his motion a copy of a purported prison mail log entry for a June
21 29, 2012, mailing addressed to:  "Honorable Judge, 333 Las Vegas Blvd., Las Vegas, NV
22 89101." #23, at 15.  If that indeed is how a mailing was addressed, there literally is no telling
23 where it would have gone.  Where it almost certainly would not have gone would have been
24 to the Clerk for filing.  First, there are multiple judges at the federal courthouse in Las Vegas.
25 Second, if the paper had made it to the undersigned's chambers, it most likely would have
26 been regarded as a work copy or courtesy copy rather than a paper submitted for filing.
27  Petitioner also attaches a copy of a purported return receipt from a certified mailing --
28 the "green card" -- from an August 30, 2012, mailing.  While the address shown on the receipt

1  is the Clerk's address set forth above, the article appears to have been signed for by a
2  member of chambers staff.  It thus would appear a likely inference that petitioner sent the
3  mailing itself either directly to chambers or to the Clerk's mailing address but addressed to
4  a judge.  See #23, at 18.

5       It thus appears that petitioner's papers quite likely did not get filed because he
6  attempted to direct his papers to chambers rather than to the Clerk for filing.  Petitioner just
7  needs to send his papers directly to the Clerk with a cover letter – to the Clerk – requesting
8  that the papers be filed.  Sending papers instead to chambers – thereby attempting
9  apparently to "communicate directly to and relate directly with the judge" – does not provide
10 petitioner with any advantage whatsoever.  When the Clerk files a paper, it is imaged onto the
11 electronic docketing system and a copy is e-mailed directly to chambers and everyone
12 associated with the case in the courthouse.  When a petitioner instead does what petitioner
13 apparently did here, what instead happens is that papers do not get filed and do not reach
14 the presiding judge.  The Court reviews only what is sent to the Clerk for filing.  If a petitioner
15 fails to send a paper to the Clerk for filing, then it does not get considered and what
16 apparently happened in this case instead happens – the papers do not get filed at all.[2]

17       Petitioner needs to send all papers submitted for filing to *the Clerk* for filing.

18       Petitioner further should: (a) retain a file copy of all papers mailed for filing; and (b)
19 send the Clerk an additional "conform copy" if he wishes to receive a file-stamped copy by
20 return mail confirming the filing of his paper.

21       Accordingly, giving petitioner a substantial benefit of the doubt, the Court will assume
22 that the most likely scenario is that petitioner's papers were not filed due to his mistake and,
23 viewed highly leniently, excusable neglect in failing to properly direct his papers to the Clerk
24 rather than chambers for filing.

---

[2]Petitioner, again, does not secure any persuasive advantage by instead sending papers directly to the judge assigned to his case.  Petitioner should focus on getting his papers filed rather than somehow "directly engaging" the assigned judge.  In this same vein, petitioner need not refer to the Court as "this Honorable and Fair Court" throughout his filing.  While the undersigned most definitely strives to be both honorable and fair, repeating the incantation throughout a filing will not make the undersigned more so.

1    The Court notes that copies of purported June 28, 2012, and August 30, 2012, show-cause responses appeared in an in-box for the staff attorneys on or about September 19, 2012. The copies carried no received or filed stamps from the Clerk, were not accompanied by any transmittal envelopes, and appeared together at one time although carrying different dates two months apart. The copies appeared at the very same time that the Federal Public Defender's Office improperly was attempting to insert itself into the case. The copies appeared -- together at the same time -- without there being any indication that they had reached the in-box through ordinary official channels.

The source from which the papers spontaneously appeared on or about September 19, 2012, perhaps is subject to some question. However, the papers do purport to be copies of June 28, 2012, and August 30, 2012, responses to the show-cause order. In reopening the case, the Court will direct the Clerk to file the papers and will give petitioner an opportunity to affirm that the papers collectively represent his response to the show-cause order.

IT THEREFORE IS ORDERED that the motion (#23) for reconsideration is GRANTED, that the judgment of dismissal is VACATED, and that this matter hereby is REOPENED.

IT FURTHER IS ORDERED that the Clerk of Court shall obtain the copies of purported June 28, 2012, and August 30, 2012, responses currently in the possession of the staff attorney assigned to the case, shall file the responses with current filing dates (*i.e.*, not post-dated back to June 28, 2012, and August 30, 2012), and shall send a copy of each response to petitioner along with this order.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall mail *to the Clerk* for filing a notice stating whether he affirms that the purported June 28, 2012, and August 30, 2012, dated responses are his show-cause responses. The matter will be dismissed without further advance notice if a notice is not timely filed.

DATED: August 19, 2013

_____
KENT J. DAWSON
United States District Judge